# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EILEEN HANSON-KELLY and ) <br> SARA JACKSON, individually and ) <br> on behalf of a class of others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WEIGHT WATCHERS ) <br> INTERNATIONAL, INC. and ) <br> WEIGHT WATCHERS NORTH ) <br> AMERICA, INC., ) <br> ) <br> Defendants. ) | **MEMORANDUM OPINION** <br> **AND RECOMMENDATION** <br> <br> 1:10CV65 |

This matter is before the court on Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, based on preemption under the Fair Labor Standards Act (docket no. 13). Plaintiffs have responded in opposition to the motion to dismiss, and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge. Therefore, the motion to dismiss must be addressed by way of recommendation. For the following reasons, it will be recommended that the court deny Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiffs Eileen Hanson-Kelly, et al. ("Plaintiffs") filed this proposed class action on January 25, 2010. On March 23, 2010, Plaintiffs amended their complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

and the North Carolina Wage and Hour Act ("NCWHA"), N.C. GEN. STAT. § 95-25.1 *et seq*. (docket no. 4.) Plaintiffs' specific claims are as follows: (1) failure to pay minimum wage in violation of the FLSA, 29 U.S.C. § 206 (First Claim); (2) failure to pay wages as required by the NCWHA, N.C. GEN. STAT. § 95-25.6 (Second Claim); and (3) failure to pay minimum wages as required under North Carolina law that are higher than the minimum wage required by the FLSA, in violation of the NCWHA, N.C. GEN. STAT. §§ 95-25.3 & 95-25.14(a)(1)(b) (Third Claim).

On April 23, 2010, Defendants Weight Watchers International, Inc. and Weight Watchers North America, Inc. ("Defendants") filed a motion to dismiss Plaintiffs' second claim. On May 17, 2010, Plaintiffs responded in opposition to the motion to dismiss, and on June 3, 2010, Defendants replied. On June 9, 2010, Plaintiffs filed a motion for sur-reply, which the undersigned subsequently granted on June 21, 2010.

## II. FACTS

The following facts are taken as true for purposes of Defendants' motion to dismiss. Plaintiffs work for or were previously employed by Defendants as either leaders or receptionists in North Carolina. (*See* Am. Compl. ¶ 2.) As part of Plaintiffs' primary job, they are required to run local meetings for Weight Watchers members. (*Id.* ¶ 12.) Leader duties include but are not limited to conducting weekly meetings, reviewing weekly, company prepared materials, making bank deposits, and contacting members after meetings. (*Id.* ¶ 13.) Receptionist duties include

preparing and setting up for meetings, processing financial transactions, assisting with weigh-ins, and communicating with members. (*Id.* ¶ 14.) In addition, receptionists have various administrative duties before, during, and after the meetings. (*Id.*)

Plaintiffs allege that they were paid for 2.5 hours at their hourly wage, plus commission for each meeting they conducted. (*Id.* ¶ 15.) Plaintiffs contend that they work more than 2.5 hours for each meeting, but do not earn commission or additional compensation,[1] and are only paid for the 2.5 hours of work. (*Id.*) Plaintiffs further assert that they are not adequately compensated for travel expenses. (*Id.* ¶ 16.) Plaintiffs are not reimbursed for travel between meetings and for other work if it is less than forty (40) miles per day. (*Id.*) Plaintiffs also allege that they were not required to record additional hours worked, and Defendants did not maintain accurate records of hours worked. (*Id.* ¶ 17.) Finally, Plaintiffs assert that Defendants have practices and policies of failing to pay the federal and North Carolina minimum wage, paying for all hours worked, and keeping accurate records. (*Id.* ¶ 20.)

## III. STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not

---

[1] Plaintiffs' amended complaint alleges that Leaders received additional compensation for higher attendance at meetings and product sales. (*See id.* ¶ 15.)

to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

**IV. ANALYSIS**

A.  <u>Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Claim for Unpaid Wages Brought under N.C. GEN. STAT. § 95-25.6</u>

In their motion to dismiss, Defendants contend that Plaintiffs' second claim–hereinafter referred to as the "unpaid wage claim"–should be dismissed for failure to state a claim and as preempted by the FLSA. The court addresses each argument in turn. Defendants first note that Section 95-25.6 provides a mechanism

for the recovery of wages *other than* unpaid *minimum* wages, which are specifically addressed under Section 95-25.3. Indeed, Section 95-25.22(a) of the NCWHA distinguishes between unpaid minimum wages owed under North Carolina's minimum wage law in Section 95-25.3, and other unpaid amounts due in Section 95-25.6. Defendants contend that here, however, the gravamen of the allegations in Plaintiffs' amended complaint is that they were not paid *minimum wage* for the time worked. Defendants further contend that Plaintiffs failed to allege that they were promised payment for certain time worked. Defendants contend that Plaintiffs' own allegations that Defendants, in fact, had a "policy and practice" *not* to pay Plaintiffs for certain time worked contradict any claim that they had a contractual expectation for payment of wages. Defendants contend that Plaintiffs' NCWHA unpaid wage claim brought under Section 95-25.6 should therefore be dismissed for failure to state a claim in which relief can be granted.

Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' NCWHA unpaid wage claim should be denied. First, I find that Plaintiffs' NCWHA unpaid wage claim is distinct from their minimum wage claim. In Plaintiffs' NCWHA unpaid wage claim, they assert that Defendants failed to pay them for *all hours worked*. (*See* Am. Compl. ¶ 46.) This claim is distinct from the claim under the FLSA, in which Plaintiffs allege that Defendants have failed to pay them the *federal minimum wage*. Specifically, in their second claim, Plaintiffs assert that Defendants failed to pay all earned wages, which is a violation of the NCWHA wage provision. *See* N.C. GEN.

5

STAT. § 95-25.6. As such, Plaintiffs have sufficiently stated a claim under the NCWHA, N.C. GEN. STAT. § 95-25.6. *See Zelaya v. J.M. Macias, Inc.*, 999 F. Supp. 778, 781 (E.D.N.C. 1998) (finding that Plaintiffs' invocation of Sections 95-25.6 and 95.25.22(a) was enough to place "defendants on notice that plaintiffs [were] seeking payment of earned wages which were not paid when they were due"); *see also Barton v. Pantry, Inc.*, No. 1:04-cv-748, 2006 WL 1367421, at *2 (M.D.N.C. May 17, 2006) (finding that plaintiffs sufficiently alleged a state law claim for unpaid wages under N.C. GEN. STAT. § 95-25.6).

Furthermore, as to Defendants' contention that Plaintiffs' unpaid wage claims must be dismissed because Plaintiffs failed to allege that Defendants had a policy or practice of paying for the work time at issue here, this contention is without merit. Courts have interpreted Section 95-25.6 to mean that an employee can bring an action to recover compensation for labor or services rendered regardless of whether the employer has a policy or practice in place, as long as it concerns payment for time worked and not where the parties dispute whether the plaintiff was actually "working" during the time period at issue. As the court stated in *Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 822 (E.D.N.C. 2008):

> Were the court to interpret § 95-25.6 as requiring plaintiffs to prove that their employer expressly agreed to pay them for particular services performed (such as changing into and out of protective gear required by the employer), an employer would be able to avoid payment of any wages to his employees by simply claiming that the services rendered, although for the benefit of the employer, were something other than "work." [Defendant's] argument here flies in the face of the protections

6

afforded employees by the North Carolina Wage and Hour Act and cannot be sustained.

As Defendants note, some courts *have* held that the plaintiff failed to state a claim for unpaid wages where the plaintiff did not allege a promise to pay wages. In those cases, however, a genuine dispute existed over whether the hours that the plaintiffs claimed were actual hours worked. *See, e.g., McKeithan v. Novant Health, Inc.*, No. 1:08cv374, 2008 WL 5083804, at *2 (M.D.N.C. Nov. 25, 2008) (where the plaintiff was required to remain "on call" during unpaid meal breaks, noting that "Section 95-25.6 concerns payment for time worked and not 'disputed work time'"); *Queen v. RHA Health Servs., Inc.*, No. 1:10-CV-101, 2001 U.S. Dist. LEXIS 26118, at *8 (M.D.N.C. Jan. 22, 2001) (stating that Section 95-25.6 "simply requires employers to pay employees on the regular payday, which addresses concerns about the withholding of accrued wages, not payment for disputed work time").

Here, Plaintiffs allege that Defendants only paid Plaintiffs for 2.5 hours of work for each meeting, at their hourly wage plus commissions, despite the fact that Plaintiffs worked longer than 2.5 hours at the meeting locations and spent time preparing for and following up after each meeting. Even though Defendants did not traditionally pay Plaintiffs for more than 2.5 hours of work, this does not mean that Plaintiffs have failed to state a claim pursuant to Section 95-25.6. Construing the amended complaint liberally in Plaintiffs' favor, the court finds that Plaintiffs have alleged that their NCWHA unpaid wage claim is for actual work time, not merely

7

disputed work time. In sum, Defendants' motion to dismiss the NCWHA unpaid wage claim pursuant to Rule 12(b)(6) should be denied.

B.     <u>Defendants' Motion to Dismiss Plaintiffs' Second Claim for Unpaid Wages Brought under N.C. GEN. STAT. § 95-25.6 Based on FLSA Preemption</u>

Defendants contend, alternatively, that Plaintiffs' NCWHA unpaid wage claim is preempted by the FLSA. In addressing preemption, courts must presume that "Congress did not intend to preempt state law . . . 'in a field which the States have traditionally occupied,' such as 'protecting the health and safety of their citizens.'" *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192 (4th Cir. 2007) (quoting *S. Blasting Servs., Inc. v. Wilkes Cnty.*, 288 F.3d 584, 590 (4th Cir. 2002)). *See also English v. General Elec. Co.*, 496 U.S. 72, 87 (1990) (noting that "the mere existence of a federal regulatory or enforcement scheme . . . does not by itself imply preemption of state remedies"); *see also Bonham v. Wolf Creek Acad.*, No. 1:10cv190, 2011 WL 576956, at *3 (W.D.N.C. Feb. 9, 2011). Federal law preempts state law only (1) where Congress has expressly declared its intent to preempt state law; (2) where Congress has occupied the field by regulating so pervasively that there is no room left for the states to supplement federal law; and (3) when there is actual conflict between the state and federal laws. *See Martinez-Hernandez*, 578 F. Supp. 2d at 818. Here, Defendants rely on the theory of obstacle preemption, which is a form of conflict preemption in which the court must decide whether the state-based claims "'stand[] as an obstacle to the accomplishment of the full purposes and objectives

8

of' the FLSA." *See Anderson*, 508 F.3d at 193 (quoting *Worm v. Am. Cyanamid Co.*, 970 F.2d 1301, 1305 (4th Cir. 1992)).

I find that Plaintiffs' state law claim for unpaid wages is not preempted by the FLSA. To support their argument that the FLSA preempts Plaintiffs' NCWHA claim for unpaid wages, Defendants rely primarily on the Fourth Circuit's decision in *Anderson v. Sara Lee Corp.*, 508 F.3d at 192. In *Anderson*, in addition to alleging FLSA claims, the plaintiffs also filed state law claims for breach of contract, negligence, fraud, conversion, and unfair trade practices. *Id.* at 182. The plaintiffs did not plead any claims under the NCWHA. The *Anderson* court concluded that the plaintiffs' state law claims were preempted by the FLSRA under a theory of obstacle preemption. *Id.* at 194. Defendants contend that, under *Anderson*, if the unpaid wage claim were permitted to go forward, it would disrupt Congress's prescription of exclusive remedies in the FLSA by allowing Plaintiffs to seek remedies under Section 95-25.6 for claims that are identical to Plaintiffs' federal minimum wage claims under the FLSA.[2]

Unlike in *Anderson*, however, in this case, Plaintiffs specifically allege state law claims for unpaid wages. Thus, the facts in this case are more aligned with

---

[2] Defendants also contend that preemption is appropriate because the state law and FLSA claims would have to proceed under two very different classes. That is, under a FLSA collective action, plaintiffs must "opt in," see 29 U.S.C. § 216(b), whereas Rule 23 contains "opt out" procedures. As Plaintiffs note, courts have rejected arguments that the opt in FLSA collective action procedures are inconsistent with Rule 23's opt out procedures. *See Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 773-74 (E.D.N.C. 2001); *Carver v. Velocity Express Corp.*, No. 1:07cv407, 2008 U.S. Dist. LEXIS 35810 (W.D.N.C. Apr. 14, 2008).

those in *Martinez-Hernandez*, 578 F. Supp. 2d at 818. In *Martinez-Hernandez*, as in this case, the plaintiffs alleged claims for unpaid wages under Section 95-25.6 of the NCWHA based on the defendant's failure to pay wages to the plaintiffs for time spent when employees were changing in and out of their work uniforms, among other things. The defendant contended that the plaintiffs' NCWHA unpaid wage claim was preempted by the FLSA. The defendant further contended that the plaintiffs' NCWHA unpaid wage claim failed because the plaintiffs' could not show that the defendant had agreed to pay for the time spent when employees were changing in and out of their work uniforms. *Id.* at 818.

The *Martinez-Hernandez* court concluded that the plaintiffs' NCWHA claims for unpaid wages were not preempted by the FLSA, stating:

> To the extent this cause of action seeks compensation under state law for overtime pay mandated by the FLSA or alleges that plaintiffs received less than the federal minimum wage as a result of Butterball's failure to pay them for all hours worked, plaintiffs invoke state law only as an alternative remedy for Butterball's alleged violation of the FLSA. *Anderson* makes clear that these claims are preempted by the FLSA and must be dismissed.
>
> However, this case is unlike *Anderson* in that plaintiffs are not merely using state law to enforce their rights under the FLSA. In addition to asserting overtime and minimum wage claims, plaintiffs claim that Butterball violated the North Carolina Wage and Hour Act by failing to pay its employees (1) wages, when due, for all hours worked at their regular hourly rate (which exceeded the minimum wage rate under the FLSA); (2) wages at North Carolina's minimum wage rate of $6.15 per hour (which exceeded the FLSA minimum wage rates of $5.15 and $5.85 per hour for the applicable periods of time); and (3) overtime wages of one and one-half times their regular hourly rate.
>
> . . . .

> [T]he first and third claims set forth above are separate and distinct from plaintiffs' FLSA claims. They invoke neither the minimum wage nor the overtime provisions of the FLSA. As such, they are not preempted by the FLSA.

*Id.* at 819-20. *Accord Nimmons v. RBC Ins. Holdings (USA) Inc.*, No. 6:07-CV-2637, 2007 WL 4571179, at *2 n.1 (D.S.C. Dec. 27, 2007) (dismissing as preempted by the FLSA the plaintiff's claims alleging failure to pay overtime due under the FLSA, but stating that the claim for wrongful retention of wages for failure to pay accrued vacation pay was not preempted by the FLSA); *Barton*, 2006 WL 1367421, at *2 n. 5 ("[S]ome of the employees may have been due more than minimum wage for the hours worked 'off the clock' or deleted from the records. These amounts would not be covered by either their minimum wage or overtime compensation claims under the FLSA.").

Here, in reading the amended complaint liberally and drawing all inferences in favor of Plaintiffs on Defendants' motion to dismiss, I find that, unlike in *Anderson*, Plaintiffs here are not seeking overtime pay or asserting that they received less than the federal minimum wage in their Second Claim, alleging unpaid wages under Section 95-25.6 of the NCWHA; rather, they are seeking unpaid wages for time they actually worked. Thus, Plaintiffs' NCWHA unpaid wage claim is not preempted by the FLSA.

## V. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motion to dismiss (docket no. 13) be **DENIED**.

_____
Wallace W. Dixon
United States Magistrate Judge

July 11, 2011